IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Jessica Bryson,<br>    Plaintiff,<br>v.<br>Curtis Hice *Individually and in their Official Capacity as a Sumter County Deputy Sheriff*; Samuel Dalton *Individually and in their Official Capacity as a Sumter County Deputy Sheriff*; Steven Weathersbee *Individually and in their Official Capacity as a Sumter County Deputy Sheriff*; Brandon Osborne *Individually and in their Official Capacity as a Sumter County Deputy Sheriff*; City of Sumter Police Department, The; Kendra Dow-King *Individually and in their Official Capacity as City of Sumter Police Officers*; Devante Payne *Individually and in their Official Capacity as City of Sumter Police Officers*; Brianna Dargan *Individually and in their Official Capacity as City of Sumter Police Officers*; Sumter County Sheriffs Office, The<br>    Defendants. | Civil Action No. 3:24-cv-00860-MGL-SVH<br><br>COMPLAINT |

TO: THE DEFENDANTS ABOVE-NAMED:

Your Plaintiff, complaining of the Defendants, would respectfully show unto this Honorable Court, the following:

## PARTIES

1. The Plaintiff, Jessica E. Bryson, is a citizen and resident of the County of Richland, State of South Carolina and has been so for more than one year prior to the commencement of this action.

2. The Defendant, The Sumter County Sheriff's Office is a government agency in the County of Sumter, State of South Carolina.

3.    Upon information and belief, Defendant, Curtis Hice, is a citizen and resident of the County of Sumter, State of South Carolina and has been so for more than one year prior to the commencement of this action.

4.    Upon information and belief, Defendant, Samuel Dalton, is a citizen and resident of the County of Sumter, State of South Carolina and has been so for more than one year prior to the commencement of this action.

5.    Upon information and belief, Defendant, Steven Weathersbee, is a citizen and resident of the County of Sumter, State of South Carolina and has been so for more than one year prior to the commencement of this action.

6.    Upon information and belief, Defendant, Brandon Osborne, is a citizen and resident of the County of Sumter, State of South Carolina and has been so for more than one year prior to the commencement of this action.

7.    The Defendant, The City of Sumter Police Department is a government agency in the County of Sumter, State of South Carolina.

8.    Upon information and belief, Defendant, Kendra Dow King, is a citizen and resident of the County of Sumter, State of South Carolina and has been so for more than one year prior to the commencement of this action.

9.    Upon information and belief, Defendant, Devante Payne, is a citizen and resident of the County of Sumter, State of South Carolina and has been so for more than one year prior to the commencement of this action.

10.    Upon information and belief, Defendant, Brianna Dargan, is a citizen and resident of the County of Sumter, State of South Carolina and has been so for more than one year prior to the commencement of this action.

## JURISDICTION AND VENUE

11. That the parties hereto, the subject matter hereof, and all things and matters hereinafter alleged are within the jurisdiction of this Honorable Court.

## BACKGROUND

12. On or about May 9, 2021, the Plaintiff, Jessica Bryson ("Ms. Bryson") was leaving Poinsett State Park on U.S. 261 with her husband William Santos. She had been drinking all day and an argument ensued with her husband. Mr. Santos then kicked Ms. Bryson out of his truck and left her beside Highway 261 in Sumter County, SC with no cell phone and intoxicated.

13. Ms. Bryson then began walking as the darkness of night was falling. Ms. Bryson finally came across a neighborhood and saw a man in the yard at 2750 Burnt Gin Rd. She asked the man to contact law enforcement and he said he would. He allowed her to use his phone to call 911. The man's name is Jamie Golden. Ms. Bryson contacted 911 and Deputy Curtis Hice and Deputy Samuel Dalton of the SCSO responded.

14. Upon their arrival at 2750 Burnt Gin Rd, Ms. Bryson informed the officers that she had been drinking and that her husband Mr. Santos had left her beside the road with no phone and no way of getting home to Eastover, SC. She asked the Deputies to give her a ride to Eastover. The Deputies refused due to this being out of their jurisdiction and told Ms. Bryson that Mr. Golden would have to take her home if he was willing. Ms. Bryson informed the Deputies that she was not comfortable being left with some strange man she did not know. The Deputies conveyed to Ms. Bryson there was nothing they could do and promptly left the scene.

15. After the deputies left the scene, Mr. Golden said he would take Ms. Bryson home but he had to take his Uncle home first. Mr. Golden then offered Ms. Bryson a drink and he poured something into Ms. Bryson's tumblr cup. Ms. Bryson then got into the truck with Mr. Golden and his unidentified Uncle. They then proceeded to go to the Uncle's house. Ms. Bryson recalls being at the Uncle's house for about an hour and then leaving with Mr. Golden.

16. At some point after they left the Uncle's house Ms. Bryson blacked out. When she woke up she was in the bed of Mr. Golden's truck with her pants and panties down and missing one of her socks. Mr. Golden was driving down a dirt road in the woods. Ms. Bryson then began screaming and Mr. Golden stopped the truck and got out and told her to get in the truck and he would take her home. Ms. Bryson then jumped over the side of the bed of the truck and got in the cab. She drove away leaving Mr. Golden and drove to the first gas station she came across.

17. Ms. Bryson went inside the Young's Market located at 470 Pinewood Rd and contacted 911 to report her kidnaping and possible rape.

18. Officers Kendra Dow-King, Devante Payne, Brianna Dargan of the Sumter Police Department and Deputies Steven Weathersbee and Brandon Osborne of the Sumter County Sheriff's Office respond to the Young's Market located at 470 Pinewood Rd . Law Enforcement failed to investigate Ms. Bryson's Kidnaping and rape. They promptly arrest her for Grand Larceny as Mr. Golden had reported the vehicle stolen 20 minutes prior as it was a company truck. These deputies failed to give her aid and refused to get her medical treatment and a rape kit. Ms. Bryson was taken to the Sumter County Detention Center.

19. Following her release on bond Ms. Bryson sought medical treatment and a rape kit was taken at Prisma Health Richland in Columbia, SC. Ms. Bryson also made a full report of the kidnaping and rape to the Sumter County Sheriff's office.

## FOR A FIRST CAUSE OF ACTION
### (False Imprisonment)

20. The Plaintiff reaffirms and reiterates all the allegations contained in the preceding paragraphs as if fully repeated, and all are incorporated by reference and re-alleged as if set forth fully herein verbatim.

21. As set forth above, the Defendants, intentionally restrained The Plaintiff, Jessica Bryson, against her will and unlawfully arrested her without proper investigation into her claims of kidnaping and rape.

22. The Plaintiff alleges that the restraint was intentional and unlawful. This restraint was unlawful due to the fact that Ms. Bryson was a victim of a crime and used the truck as a means of escape. Proper investigation would have revealed that she was the victim of a violent crime and should have been taken immediately to the hospital for medical treatment and a rape kit.

23. The Plaintiff seeks judgment against the Defendants for the full recovery of actual damages resulting from her loss of freedom and mental trauma.

## FOR A SECOND CAUSE OF ACTION
### NEGLIGENCE

24. The Plaintiff reaffirms and reiterates all the allegations contained in the preceding paragraphs as if fully repeated, and all are incorporated by reference and re-alleged as if set forth fully herein verbatim.

25. The Defendants are responsible and vicariously liable for the negligent or reckless acts or omissions of their employees or agents acting in the course and scope of their employment and/or agency relationship.

26. The Defendants owed a duty to Ms. Bryson to render proper care in their investigation accordance with the prevailing standard of law enforcement. The Defendants had a duty to protect Ms. Bryson from unnecessary harm following her initial 911 call and to render her aid in getting to safety. The Defendants had a duty to transport Ms. Bryson for medical treatment and a rape kit following her second 911 call.

27. The Defendants breached their duty of care in one or more of the following particulars:

   a. failure to transport Ms. Bryson to safety or to the Sheriff's office following her initial 911 call;

b. failure to offer to get Ms. Bryson a ride to safety from someone known to her;

c. failure to respond to Ms. Bryson's pleas not to be left with a stranger and render aid to Ms. Bryson;

d. failure to investigate Ms. Bryson's claims of kidnaping and rape;

e. failure to transport Ms. Bryson for medical treatment and a rape kit;

f. failure to ensure that Defendants' personnel, employees and other agents had sufficient, adequate and current training, credentials and skills to properly investigate the case.

g. failure to observe applicable state and federal laws and regulations;

h. failure to follow Defendants' polices, procedures, protocols or rules; and

i. in such other and further particulars as may be revealed in discovery and proven at trial.

28. As a direct and proximate result of the Defendant's breach of duty, Ms. Bryson sustained a kidnaping, a rape, medical bills, pain and suffering, loss of enjoyment of life, actual damages, consequential damages, emotional distress, mental trauma.

29. Upon information and belief, the Defendants' actions were grossly negligent, reckless, willful, or wanton, such that Ms. Bryson is entitled to recover punitive damages in addition to other damage.

## FOR A THIRD CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

30. The Plaintiff reaffirms and reiterates all the allegations contained in the preceding

paragraphs as if fully repeated, and all are incorporated by reference and re-alleged as if set forth fully herein verbatim.

31. The Defendants did intentionally inflict severe emotional distress upon the Plaintiff by refusing to give her aid and escort her to safety; illegally arresting her; and failing to properly investigate her claims of kidnaping and rape. This illegal action was certain to cause Ms. Bryson severe emotional distress due to her fragile mental state.

32. The Defendant's was so extreme and outrageous as to exceed all bounds of decency. The intentional disregard for her safety in leaving her at the mercy of a stranger; the unlawful arrest of a crime victim; and the failure to properly investigate this case, exceeds all possible bounds of decency and must be regarded as atrocious, and utterly intolerable in a civilized society.

33. The Defendant's actions clearly caused Ms. Bryson' emotional distress and trauma.

34. Ms. Bryson' emotional distress suffered due to this egregious act is so severe that no reasonable adult could be expected to endure it. As a result of this severe trauma Ms. Bryson has suffered from severe anxiety, sleeplessness, and fear of police officers and police vehicles.

## FOR A FOURTH CAUSE OF ACTION
## CIVIL RIGHTS VIOLATION UNDER 42 U.S.C § 1983

35. Steven Weathersbee and Brandon Osborne are Deputy Sheriffs for the Sumter County Sheriff's office; Kendra Dow-King, Devante Payne & Brianna Dargan are Police Officers for the City of Sumter Police Department who acting under the color of state law did detain and seize Ms. Bryson against her will under threat of criminal prosecution without proper investigation. Furthermore, they failed to get Ms. Bryson proper medical treatment.

36. This unlawful action by these law enforcement officers did deprive Ms. Bryson of

her Fourth (4th) Amendment rights under the United States Constitution to freedom from unreasonable searches and seizures.

37. This violation of Ms. Bryson' Fourth (4th) amendment rights was the actual and proximate cause of Ms. Bryson damages.

38. As a result of this illegal detention Ms. Bryson suffered damage to her reputation; humiliation; and mental anguish.

39. Furthermore the Sumter County Sheriff's Office's and City of Sumter Police Department's policy or custom of allowing officers to effect an arrest without proper investigation did also proximately cause the violation of Ms. Bryson' Fourth (4th) Amendment rights and Ms. Bryson' damages.

## FOR A FIFTH CAUSE OF ACTION

## NEGLIGENT TRAINING

40. The Sumter County Sheriff's Office & City of Sumter Police Department owed a duty to Ms. Bryson and the community to properly train its officers in the proper procedure for investigating crimes and rendering aid to vulnerable citizens, in order to ensure that citizens and crime victims are protected.

41. The Sheriff's Office and Sumter Police Department breached this duty by failing to train these law enforcement officers in a manner that would protect members of the public from danger and not violate the civil rights of Ms. Bryson or any citizen.

42. This failure to train by the Sheriff's Office and Sumter Police Department is the actual and proximate cause of Ms. Bryson's kidnaping, rape, false arrest and damages flowing therefrom.

43. As a result of this negligent failure to train, Ms. Bryson suffered damage to her person; damage to her reputation; humiliation from false arrest; a violation of her Fourth Amendment rights; and mental anguish.

**WHEREFORE**, the Plaintiff prays unto this Honorable Court for judgment in its favor:

1. For an order awarding the Plaintiff actual damages in an amount that the jury deems to be just, fit, and proper; for damage to her person; humiliation; loss of reputation; mental anguish; mental trauma; emotional distress; and psychological damage that were sustained due to the Defendants' unlawful actions;

2. For an award of any punitive damages that the jury deems to be just, fit, and proper;

3. For an award of costs, disbursements, and attorney's fees associated with the bringing and maintaining of this action; and

4. For any other relief as the Court deems just, fit, and proper.

Respectfully submitted,

YOUNG & WARR, LLC.
 S/Lewis H. Warr
LEWIS H. WARR
SC Bar No.: 104774
Attorney for the Plaintiff
23 West Calhoun Street
Sumter, South Carolina 29150
(803) 773-4371 Telephone

February 20th , 2024