IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jessica Bryson,<br><br>    Plaintiff,<br><br>vs.<br><br>Curtis Hice, Samuel Dalton, Steven Weathersbee, Brandon Osborne, The City of Sumter Police Department, Kendra Dow-King, Devante Payne, Brianna Dargon, and The Sumter County Sheriff's Office,<br><br>    Defendants. | C/A No.: 3:24-860-MGL-SVH<br><br><br><br><br><br>REPORT AND<br>RECOMMENDATION |

Jessica Bryson ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983, alleging her constitutional and state rights were violated when she was arrested on May 9, 2021. Plaintiff alleges she was "detain[ed] and seize[d] against her will under threat of criminal prosecution without proper investigation" and did not receive "proper medical treatment." [ECF No. 1 ¶ 35].

This matter comes before the court on Defendants' unopposed motion to stay the case pending resolution of Plaintiff's criminal charges. [ECF No. 30]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.), this matter has been assigned to the undersigned for all pretrial

proceedings. For the following reasons, the undersigned recommends the district judge grant Defendants' motion.

I.    Factual Background

Plaintiff alleges that on May 9, 2021, she was leaving Poinsett State Park on U.S. 261 with her husband. *Id.* ¶ 12. She had been drinking all day, an argument ensued with her husband, and he kicked her out of his truck, leaving her beside the highway intoxicated and with no cell phone. *Id.*

Plaintiff walked to a neighborhood and contacted Jamie Golden ("Golden") who allowed her to use his cell phone to contact law enforcement. *Id.* ¶ 13. Defendants Curtis Hice and Samuel Dalton of the South Carolina Sheriff's Office responded. *Id.* When they arrived, Plaintiff explained the situation, asked for a ride home, but was refused "due to this being out of their jurisdiction," with them informing her that "Golden would have to take her home if he was willing." *Id.* ¶ 14.

Although Plaintiff informed the officers she was not comfortable with this suggestion, they informed her "there was nothing they could do and promptly left the scene." *Id.* Thereafter, Plaintiff alleges the following occurred:

> Mr. Golden said he would take Ms. Bryson home but he had to take his Uncle home first. Mr. Golden then offered Ms. Bryson a drink and he poured something into Ms. Bryson's tumblr cup. Ms. Bryson then got into the truck with Mr. Golden and his unidentified Uncle. They then proceeded to go to the Uncle's

2

> house. Ms. Bryson recalls being at the Uncle's house for about an hour and then leaving with Mr. Golden.
>
> At some point after they left the Uncle's house Ms. Bryson blacked out. When she woke up she was in the bed of Mr. Golden's truck with her pants and panties down and missing one of her socks. Mr. Golden was driving down a dirt road in the woods. Ms. Bryson then began screaming and Mr. Golden stopped the truck and got out and told her to get in the truck and he would take her home. Ms. Bryson then jumped over the side of the bed of the truck and got in the cab. She drove away leaving Mr. Golden and drove to the first gas station she came across.

*Id.* ¶¶ 15–16.

Plaintiff then went inside the Young's Market located at 470 Pinewood Rd and contacted 911 to report her kidnaping and possible rape. *Id.* ¶ 17. Defendants Kendra Dow-King, Devante Payne, Brimma Dargan, officers with the Sumter Police Department, and Steven Weathersbee and Brandon Osborne of the Sumter County Sheriff's Office responded, failed to investigate her allegations of kidnapping and rape, and "promptly arrest[ed] her for Grand Larceny as Mr. Golden had reported the vehicle stolen 20 minutes prior as it was a company truck." *Id.* Plaintiff further alleges these deputies failed to give her aid and refused to get her medical treatment and a rape kit. *Id.* Plaintiff was taken to the Sumter County Detention Center. *Id.* ¶ 18.

Plaintiff brings the following causes of action: (1) false imprisonment, (2) negligence, (3) intentional infliction of emotional distress, (4) civil rights

3

violation under 42 U.S.C § 1983, and (5) negligent training. Plaintiff seeks monetary damages.

II.    Analysis

The crux of Plaintiff's case concerns whether there was probable cause to arrest her. Defendants seek to stay the case pending resolution of Plaintiff's criminal charges, and Plaintiff has not filed an opposition to Defendants' motion.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a state prisoner cannot bring a 42 U.S.C. § 1983 suit for damages where a judgment in favor of the prisoner would necessarily imply the invalidity of his conviction or sentence. *Id.* at 486–87. In *Wallace v. Kato*, 549 U.S. 384 (2007), the Supreme Court clarified that *Heck* does not apply in the pre-conviction setting. *Id.* at 393. The Court continued to state that a stay of a 42 U.S.C. § 1983 action is appropriate in such instances:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended . . . . If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

*Id.* at 393–94; *see also Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (holding *Younger* provides a federal court should not interfere with ongoing

4

state criminal proceedings "except in the most narrow and extraordinary of circumstances").

Plaintiff is asking the federal court to make determinations identical to the determinations that must also be made in the state court, i.e, whether there was probable cause for her arrest. Based on the guidance of the *Wallace* court, the undersigned recommends this case be stayed pending resolution of Plaintiff's criminal charges.[1]

### III. Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the district judge grant Defendants' motion [ECF No. 30] and stay this case pending resolution of state court criminal proceedings against Plaintiff. The undersigned further recommends that the court order the parties to apprise the court of the status of the criminal proceedings every six months and to notify the court when the criminal charges are resolved such that the stay can be lifted.

---

[1] Plaintiff has asserted additional medical claims that do not implicate *Heck* or *Wallace*. However, because Defendants have requested a stay of the entire action, and Plaintiff has not opposed, the undersigned recommends granting Defendants' motion in full. As such, the court need not address Defendants' additional argument for staying this case, the government's "discernible interest in . . . prevent[ing] discovery in a civil case being used to circumvent the more limited scope of discovery in [a related] criminal matter." [ECF No. 30-1 at 6 (citing non-binding case law including *Ashworth v. Albers Medical, Inc.*, 229 F.R.D. 527, 532 (S.D.W.V. 2005))].

IT IS SO RECOMMENDED.

April 30, 2025  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

6

Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).